**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY KENNEDY,<br><br>Petitioner,<br><br>v.<br><br>NEW JERSEY SUPERINTENDENT, *et al.*,<br><br>Respondents. | Civil Action No. 26-14897 (GC)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

Petitioner is a state prisoner currently incarcerated at SCI Camp Hill, 2500 Lisburn Road Camp Hill, Pennsylvania. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Section 2254). (ECF No. 1 (Petition).)

Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for Section 2254 petitions, *i.e.*, AO241 (modified): DNJ-Habeas-008 (Rev.01-2014).

When he submitted his Petitioner, Petitioner did not submit the five-dollar filing fee for a habeas petition, *see* 28 U.S.C. § 1914(a), or apply to proceed *in forma pauperis* ("IFP").

**IT IS**, therefore, on this 20th day of November, 2026, **ORDERED** as follows:

**ORDERED** that the Clerk of the Court shall administratively terminate this case, without filing the Petition; Petitioner is informed that administrative termination is not a "dismissal" for

purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265,275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs"); and it is further

**ORDERED** that the Clerk of the Court shall forward to Petitioner a blank § 2254 form—AO241 (modified): DNJ-Habeas-008 (Rev.01-2014)—as well as a blank form DNJ-Pro Se-007-B-(Rev. 09/09) by regular U.S. mail; and it is further

**ORDERED** that the Clerk of the Court's service of the blank § 2254 form shall not be construed as this Court's finding that the petition is or is not timely, that the Petitioner's claims are or are not unexhausted, or that his claims are or are not procedurally defaulted; and it is further

**ORDERED** that, if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include either (i) a complete IFP application or (ii) the five-dollar filing fee; and it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, the complete, signed habeas petition on the appropriate form, and either (i) a complete IFP application or (ii) the five-dollar filing fee, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

**GEORGETTE CASTNER**
**United States District Judge**